Taylor *v.* The State.

Filed Feb. 28, 1888.

No. 14,192.

## TAYLOR *v.* THE STATE.

CRIMINAL LAW.— *Indictment.— Signing.— Deputy Prosecuting Attorney.*— While, under section 1669, R. S. 1881, indictments should be signed by the prosecuting attorney, yet if an indictment be signed by the deputy prosecuting attorney, it will be presumed on appeal, in the absence of any showing to the contrary, that a sufficient reason existed therefor, and the judgment will not be reversed.

INTOXICATING LIQUOR.—*Sale to Minor.*—*Proof of Kind of Liquor Sold.*—Indictment and conviction for selling intoxicating liquor, viz., blackberry wine, to a minor. The prosecuting witness, who did not know blackberry wine from blackberry brandy, testified that he asked for the former, and that the defendant, without saying anything, put a glass and bottle upon the counter, and the witness filled the glass and drank its contents. It is claimed that the specific kind of liquor sold is not shown.

*Held,* that, as the liquor was intoxicating, it will be presumed for the purposes of this case that the buyer obtained the kind asked for.

From the Lake Circuit Court.

*J. B. Peterson,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, C. J.—The grand jury in and for the county of Lake returned an indictment into the Lake Circuit Court, in which they presented George Taylor for having unlawfully sold intoxicating liquor to one Charles Scherer, a minor. The indictment was signed by " Thaddeus S. Fancher, deputy prosecuting attorney." It is insisted that the court erred in overruling a motion to quash, because the indictment was not signed by the prosecuting attorney, as required by section 1669, R. S. 1881.

In *Hamilton* v. *State,* 103 Ind. 96, it is said to be an open question in this State whether the failure of the prosecuting attorney to sign an indictment would constitute such a defect or imperfection as would tend to prejudice the substantial rights of the defendant upon the merits of the cause.

The statute above mentioned requires that indictments be signed by the prosecuting attorney, and it provides further—section 1670—that if the prosecuting attorney have neglected to sign his name, the court must cause him to sign it in the presence of the jury. It would seem, therefore, that indictments should have the sanction of the prosecuting attorney, as well as that of the foreman of the grand jury, and accordingly it was held in *Heacock* v. *State,* 42 Ind. 393, where the indictment was not signed by the prosecuting attorney,

Taylor *v*. The State.

or any one in his behalf, that a motion to quash should have been sustained. *Vanderkarr* v. *State*, 51 Ind. 91. The point was made in *Dukes* v. *State*, 11 Ind. 557. In that case the duly elected prosecuting attorney failed to attend the sitting of the court, and the indictment was signed by a prosecutor especially appointed to prosecute that case. After intimating that the failure of the prosecuting attorney to sign an indictment would not vitiate it, if duly returned and authenticated by the grand jury, the court held the objection not well taken. In the present case, the ·indictment was signed by the deputy prosecuting attorney in his own name, and while the better practice, doubtless, would be for a deputy to sign the name of his principal, it can not be said, in view of the statute, that because the deputy signed his own name as deputy prosecuting attorney such an imperfection exists as justifies a reversal of the judgment.

The indictment having been verified by the signature of a deputy prosecuting attorney, an officer who is required to act under an official oath, we may well presume that some sufficient reason appeared to the court into which the indictment was returned for the absence of the name of the prosecuting attorney. Maxwell Crim. Procedure, 74.

The objection to the indictment is merely formal, and relates to the manner in which it is signed rather than that it is not signed at all. The case falls fairly within the ruling in *Knight* v. *State*, 84 Ind. 73.

On the appellant's behalf it is contended that the evidence fails to support the finding of guilty, in that it fails to show the specific kind of liquor sold. The charge was the sale of one gill of intoxicating liquor, to wit, blackberry wine.

The prosecuting witness testified that he went into the saloon in which the defendant was employed and called for a drink of blackberry wine. The appellant, without saying anything, set a glass and bottle upon the counter. The witness filled the glass and drank the liquor from it, and paid five cents. He testified that he could not tell blackberry brandy

from blackberry wine. The witness having asked for black-berry wine, whatever he may have received, since there is no dispute but that it was intoxicating liquor, it will be presumed for the purposes of this case that he obtained the kind of liquor asked for.

There was no error. The judgment is affirmed, with costs. Filed Feb. 29, 1888.