## STATE, Respondent, v. WINNE, Appellant.

### (189 N. W. 119.)

(File No. 5004. Opinion filed June 27, 1922.)

**1. Information—Information by Deputy State's Attorney in His Name as "Regularly Elected," Whether Tenable—Non-assailable by Motion in Arrest—Waiver Under Statute.**

An information for larceny, stating "the deputy state's attorney duly and legally elected, qualified and acting according

to law upon his oath informs the court," etc., and filed by informant, as "deputy state's atorney," even if regarded as defective for want of an allegation that he was duly "appointed," was not assailable on motion in arrest of judgment; the word "elected" being a mere inadvertence of pleader and may be treated as surplusage, no such officer as an "elected" deputy state's attorney being known to the law; that in absence of motion or demurrer, such defect is waived; Secs. 4763, 4779, Code 1919.

**2.  Same—"Information," Statutory Definition, Whether Information Invasion of Constitution—Statutory, Constructional, Authority for Deputy State's Attorney.**

Under Sec. 4700, Code 1919, defining an information as a verified statement in writing, charging * * with commission of a public offense, * * "filed by the state's attorney or other person duly authorized to perform the duties of the state's attorney," an information purporting to be made by a "deputy state's attorney legally elected, qualified and acting according to law," and filed by him as deputy, is not invasive of Const., Art. 6, Sec. 10, providing that no person shall be held for a criminal offense, unless on presentment or indictment of a grand jury or information of the public prosecutor, except, etc.; that the Legislature may authorize Attorney General or a state's attorney to appoint a deputy, and may empower him to discharge official duties in his own name as prosecutor; that the Constitution does not declare an indictment or information must be filed by the state's attorney himself, but by a "public prosecutor;" which provision does not inhibit appointment of a deputy state's attorney authorized by Legislature "to provide for state's attorneys and to prescribe their duties;" Sec. 6005, Code 1919, providing that during such deputyship the person so appointed shall be vested with all powers of the state's attorney.

**3.  State's Attorney—Deputy State's Attorney, Whether Filling New Extra—Constitutional Office.**

A deputy state's attorney does not fill a new office created by statute, and endowed with functions usurped from those of the constitutional officer, his acts being those of the latter; he may verify an information by his own oath, and is a "public prosecutor" within Const., Art. 6, Sec. 10.

**4.  Appeals — Error—Sufficiency of Evidence, Failure to Assign Error Re, Effect.**

Where no assignment as to insufficiency of evidence is in record, that question is not before Supreme Court, even though appellant's brief deals with the question.

Appeal from Circuit Court, Minnehaha County. Hon. John T. Medin, Judge.

The defendant, Herman Winne, Jr., was convicted of larceny of an automobile, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Byron S. Payne,* Attorney General, and *L. E. Waggoner,* State's Attorney, for Respondent.

(1)   To point one of the opinion, Respondent cited: Secs. 4762, 4763, Code 1919; State v. Connelly, 34 S. D. 520, 149 N. W. 360.

(2)   To point two, Appellant cited: State v. Flavin, 35 S. D. 530; Lower v. State, 184 N. W. 174; State v. Severine, 2 S. D. 238.

Respondent cited: State v. Becker, 3 S. D. 29; State v. Riddell, 33 Wash. 324; 74 Pac. 477; Secs. 4700, 6005, Code 1919.

SMITH, J.   Appellant was convicted of larceny of an automobile. So far as material upon this appeal, the information stated, "The deputy state's attorney, duly and legally elected, qualified, and acting according to law, upon his oath informs the court," etc., and was signed, "J. D. Coon, Deputy State's Attorney."

Defendant entered a plea of not guilty. Upon return of the verdict, defendant moved in arrest of judgment on the ground that the information was invalid, and the court without jurisdiction to try the accused.

Appellant contends: First, that no authority exists, either constitutional or statutory for the election of a "deputy state's attorney," and that an information purporting to be verified by a person so elected is void; second, that a state's attorney is a constitutional officer, and his deputy can act only in the name of the states' attorney, and not in his own name as deputy. The first contention is founded wholly upon the use of the word "elected" in the information.

[1]   We are of the view that the use of the word "elected" was a mere inadvertence of the pleader and may be treated as surplusage when read in connection with the other allegations of the information. No such officer as an "elected" deputy state's attorney is known to the law. And, even if the information be-

regarded as defective for want of an allegation that he was duly "appointed," such defect is formal only, and could be taken advantage of only by motion to set aside the information or by demurrer. In the absence of a motion or demurrer, such a defect is waived. Code 1919, §§ 4763, 4779; State v. Fullerton Lumber Co., 35 S. D. 410, 152 N. W. 708.

The Constitution (section 10, art. 6) provides:

"No person shall be held for a criminal offense unless on the presentment or indictment of a grand jury, or information of the public prosecutor, except," etc.

An "information" is:

"A verified statement in writing, charging one or more persons with the commission of a pu 'ic offense, * * * filed by the states' attorney or other person du. authorized to perform the duties of the state's attorney," etc. Section 4700, R. C. 1919.

[2] The Legislature may authorize the Attorney General or a state's attorney to appoint a deputy, and may empower such deputy to discharge official duties in his own name as prosecutor. State v. Becker, 3 S. D. 29, 51 N. W. 1018; In re Snell, 58 Vt. 207, 1 Atl. 566.

In Ex parte Corliss, 16 N. D. 470, 114 N. W. 962, it was held that the Legislature could not deprive a constitutional officer of the powers and functions conferred by the Constitution and vest them in an officer of its own creation. The distinction is obvious. In such case the act of the statutory officer does not purport to be and is not the act of the constitutional officer. In this connection, it may be observed that the Constitution does not declare that an indictment or information must be signed by the state's attorney himself, but by a "public prosecutor." Certainly that provision cannot be construed as inhibiting the appointment of a deputy state's attorney when such appointment is authorized by the Legislature, especially in view of section 24, art. 5, of the Constitution, which expressly authorizes the Legislature "to provide for state's attorneys and to prescribe their duties."

Section 6005, Rev. Code 1919:

"During such deputyship the person so appointed shall be vested with all the powers of the state's attorney."

[3] A deputy state's attorney does not fill a new office created by statute, and is not endowed with functions usurped

from those of the constitutional officer. His acts are those of the constitutional officer, and, as was held in the Becker Case, supra, he may verify an information by his own oath, and is a "public prosecutor" within the meaning of the Constitution (section 10, art. 6.) That a deputy may properly perform the duties of the office in his own name as deputy has in effect been held by other courts. State v. Riddell, 33 Wash. 324, 74 Pac. 477; State v. Devine, 6 Wash. 587, 24 Pac. 154; Williams v. People, 26 Colo. 272, 57 Pac. 701; Territory v. Harding, 6 Mont. 323, 12 Pac. 750; Taylor v. State, 113 Ind. 471, 16 N. E. 183.

[4] Appellant in his brief has set out the evidence in full and discusses its sufficiency to sustain the verdict.

No assignment of insufficiency is found in the record, and that question is not before us. We have considered other assignments relating to rulings upon evidence, but find none of them prejudicial or of sufficient importance to warrant discussion.

The order and judgment of the trial court are affirmed.