## HAMER v. STATE OF INDIANA.

[No. 25,126. Filed October 5, 1928. Rehearing denied December 11, 1928.]

*Hovey C. Kirk,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Edward J. Lennon, Jr.,* Deputy Attorney-General, and *Albert M. Campbell,* for the State.

MARTIN, J.—The only question sought to be presented by this record is whether the court erred in overruling appellant's motion to quash the affidavit on which he was tried and convicted of the crime of transporting intoxicating liquors in an automobile in violation of §2720 Burns 1926. Appellant contends that the indorsement on the affidavit was insufficient, it being as follows: "Approved by me this 19th day of September 1925. C. C. Rumer, Deputy Prosecuting Attorney."

Section 2151 Burns 1926 provides that, "when such affidavit has been made . . . the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney," etc. Section 11619 Burns 1926 provides that a prosecuting attorney may appoint deputies; and §247, cl. 10, Burns 1926 provides that, "when a statute

requires an act to be done, which, by law, an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy." These statutes are in harmony with the universally-accepted rules that an indictment is not invalid because it is signed by a duly-appointed deputy or assistant prosecutor, 31 C. J. 620, and that an information may be filed by a deputy or assistant prosecutor, 31 C. J. 625.

In *Stout* v. *State* (1884), 93 Ind. 150, an indorsement "Henry C. Duncan, Prosecuting Attorney by Jos. E. Henley, deputy" was held sufficient to comply with a statute providing "it must be signed by the prosecuting attorney"; in *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401, it was held that an indictment will not be deemed defective on appeal because it was signed by a special prosecuting attorney whose appointment is authorized by statute (§11833 Burns 1926), in the absence of any showing that his appointment was not in compliance with the statute; and in *Taylor* v. *State* (1888), 113 Ind. 471, 16 N. E. 183, where the indictment was signed by "Thaddeus S. Fancher, deputy prosecuting attorney," we said, "while the better practice doubtless would be for the deputy to sign the name of his principal . . . it cannot be said . . . that such imperfection exists as justifies a reversal of the judgment."

Judgment affirmed.