[No. 21597. Department Two. March 25, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEX FISK, *Appellant*.[1]

*James F. O'Brien*, for appellant.

*Austin M. Wade* and *A. P. Wilson*, for respondent.

PARKER, J.—A. P. Wilson, a duly appointed, qualified and acting deputy prosecuting attorney of Grays Harbor county, signed, verified and filed, in the superior court for that county, an information charging the

[1]Reported in 275 Pac. 940; 278 Pac. 156.

defendant, Fisk, in so far as we need here notice its language, as follows:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR GRAYS HARBOR COUNTY.

"STATE OF WASHINGTON, *Plaintiff* ⎱
          vs.              ⎰    No. 24965
ALEX FISK, *Defendant*      INFORMATION

"Comes now A. P. Wilson, a deputy prosecuting attorney for Grays Harbor county, state of Washington, and files this his information against the above named defendant Alex Fisk, in manner and form following:

"The said defendant Alex Fisk is accused by said A. P. Wilson, a deputy prosecuting attorney for Grays Harbor county, state of Washington, by this information of the crime of manufacturing intoxicating liquor for the purpose of sale committed as follows: . . .

           "A. P. Wilson

               "Deputy Prosecuting Attorney in and for said County and State.

"State of Washington   ⎱ ss.
County of Grays Harbor ⎰

"A. P. Wilson being first duly sworn, on oath, says: he is a duly appointed, acting and qualified deputy prosecuting attorney in and for said county and state, that he has read the foregoing information, knows the contents thereof, and believes the same to be true.

                   "A. P. Wilson.

"Subscribed and sworn to before me this 10 day of March, 1928.

          "W. C. Birdwell,

COURT SEAL.      "County Clerk and Clerk of the Superior Court of Grays Harbor County."

The case proceeded regularly to trial upon the merits in the superior court, sitting with a jury, there being then no challenge, demurrer or plea interposed by the defendant to the information, other than his plea of not guilty. At the conclusion of the trial, the jury returned a verdict finding the defendant guilty. Thereupon counsel for the defendant moved the court

"to arrest judgment and sentence." This motion, upon due hearing, being by the court denied, final judgment of fine and county jail imprisonment was rendered upon the verdict against the defendant, from which he has appealed to this court.

It is contended, in behalf of appellant, that the information is so fatally defective as to leave the judgment without support, in that the information is not signed by the prosecuting attorney, and in that it does not, in terms, purport to be signed or filed in the name of, or as the act of, the prosecuting attorney. Our state constitution, adopted in 1889, Article 1, § 25, authorized criminal prosecutions by information as well as by indictment. We notice, in chronological order, later enacted statutes relating to prosecutions by information and the powers and duties of prosecuting attorneys and their deputies in that connection. Rem. Comp. Stat., § 2050; Laws of 1890, p. 101, § 2; Laws of 1925, Ex. Ses., p. 420, § 2, unchanged since 1890, as here applicable, reads as follows:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, . . ." (Rem. 1927 Sup., § 2050.)

Section 2023, Rem. Comp. Stat., Laws of 1891, p. 48, § 10; Laws of 1927, p. 88, § 1 unchanged since 1891, as here applicable, reads as follows:

"No person shall be held to answer in any court for an alleged crime or offense, unless upon information filed by the prosecuting attorney, or upon an indictment by a grand jury, except in cases of misdemeanor before a justice of the peace, or before a court-martial." (Rem. 1927 Sup., § 2023.)

Section 115, Rem. Comp. Stat.; Laws of 1891, p. 96, § 6; Laws of 1903, p. 7, § 1, unchanged since 1891, as here applicable, reads as follows:

"The prosecuting attorney of each county may appoint, by and with the consent of the county commissioners, one or more deputies who shall have the same power in all respects as their principal. Such appointment shall be in writing, signed by the prosecuting attorney and filed in the county auditor's office. Each deputy thus appointed shall have the same qualifications required of the prosecuting attorney, but his appointment may be revoked by the prosecuting attorney or county commissioners at will. The prosecuting attorney shall be responsible for the acts of his deputies."

In *State v. Riddell*, 33 Wash. 324, 74 Pac. 477, it was held that the signing of an information by a deputy prosecuting attorney as such, the deputy not signing the name of the prosecuting attorney by the deputy, was a sufficient signing, in view of the provisions of Rem. Comp. Stat., § 115, above quoted. However, the principal contention here made in appellant's behalf seems not to have been directly considered in that decision; that is, that the information must, at all events, in express terms, show that the accusation is made in the name of the prosecuting attorney as the principal, though the information be signed by his deputy. It does not appear in that decision whether or not the information there drawn in question, in express terms, showed the accusation was made in the name of the prosecuting attorney; the question apparently being only as to the sufficiency of the signing of the information by the deputy as such. This information shows upon its face that the prosecution was instituted and the accusation made in the name of the state of Washington, as required by Art. 4, § 27, of our state constitution. This is rendered plain by the title of the case, wherein it appears that the information is filed in the superior court, and that it is a prosecution by the state of Washington against

Alex Fisk. It seems to us that it clearly appears upon the face of this information, though not in express language, that the deputy prosecuting attorney signed and filed this information for and in behalf of his principal, the prosecuting attorney, and as, in legal effect, the act of the prosecuting attorney. A number of decisions of the courts of other states have been called to our attention, but, as we view them, they render but little aid in the solution of our present problem, in view of our statutory provisions above noticed. It might well be argued that the contentions here made in behalf of appellant came too late, since no motion to set aside the information or demurrer thereto was interposed before trial and verdict. See Rem. Comp. Stat., §§ 2101, 2105. It is not contended that the facts charged do not constitute an offense. However, we pass these questions.

We conclude that the judgment must be affirmed. It is so ordered.

MILLARD and FULLERTON, JJ., concur.

MAIN, J. (concurring)—I concur in the result in this case upon the ground that the challenge to the information came too late.

FRENCH, J., concurs with MAIN, J.

### ON REHEARING.

[*En Banc.* June 11, 1929.]

PER CURIAM—Upon a rehearing *En Banc,* a majority of the court adheres to the majority opinion heretofore filed herein. The judgment is therefore affirmed.