## In re SCHULL.

A state's attorney guilty of violation of Pol. Code, § 938, forbidding a state's attorney to be concerned as attorney for either party other than for the state or county in any civil action depending on the same state of facts, upon which any criminal prosecution commenced, but undetermined, shall depend, cannot vindicate himself in disbarment proceedings because thereof by pleading ignorance of that section.

(Opinion filed, June 15, 1910.)

Original proceedings in disbarment against Charles H. Schull. Respondent suspended.

*A. Sherin* and *E. E. Kneedy,* for petitioner. *Charles H. Schull,* for respondent.

SMITH, J. On the 19th day of February, 1910, a petition and affidavits were filed in this court by one E. E. Kneedy, alleging certain facts as grounds for disbarment proceedings against one Chas. H. Schull, an attorney and counselor of this court. This petition, together with the affidavits referred to, were duly and personally served on Mr. Schull, on the 21st day of February, 1910. On the 2d day of March, 1910, Mr. Schull personally appeared before this court, and filed his affidavit, together with other affidavits and documents, covering something like 50 type-

written pages, controverting the allegations of the petition and affidavits. Thereafter and on the 9th day of March, 1910, this court, after reciting the accusation, made the following order: "And this court having full faith in the ability and fidelity of H. H. Potter, now, therefore, it is ordered that the said H. H. Potter, of Webster, South Dakota, be and he hereby is appointed to represent this court in all things pertaining ·to the above-mentioned disbarment proceedings, and he is hereby directed to proceed to diligently inquire into the facts bearing upon such charges, and, after such investigation, to make full report to this court thereon. And further, if upon such investigation he shall be satisfied that the facts herein warrant an investigation of said charges by this court, then he shall proceed to present to this court formal charges against said Charles H. Schull by way of such amended petition as he may think best to present herein. By the Court. Chas. S. Whiting, Presiding Judge." Thereafter and on April 4, 1910, Hon. H. H. Potter made and filed with this court his report pursuant to the order and direction above recited, the material parts of which are as follows: "For the convenience of the court I hereinafter give the specifications or contentions on the part of the prosecution as I find them in the record in this case, omitting all redundant and useless facts and statements, and I have placed under each charge or specification the result of my investigation of the evidence and facts in relation to that charge, to-wit:" Then follow specifications marked "A," "B," "C," "D," and "E." Following these specifications, the report says: "The foregoing several specifications were conceded by Mr. Sherin, attorney for Mr. Kneedy, the prosecutor, to cover the entire ground of the complaint against Mr. Schull, and it would seem that there is not sufficient cause to warrant the filing of charges against Mr. Schull, unless it be that the admitted facts of specifications 'A' and 'B' are such as to warrant proceedings." Specifications "A" and "B" are as follows:

"Specification A. That on the 29th day of January, 1907, at a time when Charles Schull was the duly elected and acting state's attorney in and for Codington county, S. D., he instituted criminal

proceedings against one Chris Filber, the date thereof being January 29, 1907, in which proceeding the said Filber was charged with criminal assault upon one De Graff, and upon said criminal proceedings Filber was arrested, waived examination, and gave bail. That on the 26th day of February, 1907, while the said Charles H. Schull was state's attorney, he commenced a civil suit as attorney for De Graff, against Chris Filber, to recover damages against the said Chris Filber for an assault, being the same assault as that for which the said Chris Filber had been arrested in the criminal proceedings heretofore referred to, and which civil suit involved the same state of facts as the criminal action which had been tried and was then undetermined, thus violating section 938 of the Political Code of the state of South Dakota, and in violation of his oath and duty as such state's attorney.

"As to the foregoing charge the said Charles Schull admits the same and the whole thereof. As a palliation or excuse, Mr. Schull declares that he was ignorant of the prohibition contained in the statute referred to, and says that his attention had never been called to it, and that he did not wilfully violate the statute, but that the same was ignorantly done by him. As to this point there seems to be no evidence to contradict Mr. Schull, and I think that upon the hearing of the case it would conclusively appear that the violation of the law charged and admitted was done by him in actual ignorance of the existence of the law."

"Specification B. That in January, 1908, and while the said Schull was state's attorney as hereinbefore stated, one Frank Tschakert employed said Schull to bring an action for divorce against his wife, on the ground of adultery, and said divorce proceeding was commenced by the said Schull while he was state's attorney aforesaid. That after the commencement of said divorce proceeding Schull caused Mrs. Tschakert to be arrested in a criminal proceeding, charging her with adultery, and said charge was brought to trial in circuit court. That the said criminal prosecution against her was based upon the same state of facts as the civil suit for divorce which had theretofore been commenced

by the said Schull, and that Schull was attorney in both those suits at the same time, and prosecuted both cases concurrently while he was such state's attorney, in violation of section 938 of the Political Code of South Dakota.

"The foregoing charge is not denied by Schull, but is fully admitted by him, and in extenuation of his acts he claims that he did not know of the existence of said section 938 until after the disposal of said proceeding. No evidence was produced before me, tending to deny this plea of ignorance. Mr. Schull would undoubtedly testify to it on the trial, and I am inclined to believe that it would be undisputed."

We should not regard the report of Mr. Potter as sufficient ground upon which to proceed in this case, and upon which to found the action of this court, were it not that in the affidavits filed by himself on the 2d day of March, 1910, Mr. Schull admits the truth of the facts reported by Mr. Potter as set forth in these two specifications. After the filing of said report, and on April 18, 1910, an order to show cause, based upon said report and the affidavits and papers filed by Mr. Schull, was duly issued and served upon E. E. Kneedy, the petitioner, directing him to show cause why the report of Hon. H. H. Potter, as set forth above, should not be accepted by this court, and such action taken thereon as the court should deem warranted thereby. In response to this order to show cause, on April 18, 1910, said petitioner filed with this court a return in which it is recited that Mr. Potter seemed to have inadvertently failed to allude in his report to certain material allegations of the petition, and for that reason these particular allegations should be further investigated. But in view of the conclusion we have arrived at in this case, and the further fact that Mr. Potter in his report recites that the specifications set forth in his report were conceded by Mr. Kneedy, the prosecutor, to cover the entire ground of the complaint against Mr. Schull, we have not deemed it necessary to reopen the proceedings for further investigation. Section 938 of the Political Code, Rev. Code, 1903, reads as follows: "Sec. 938. Said state attorneys shall not receive any fee or reward from or on behalf

of any prosecutor or other individual for services or in any prosecution or business to which it shall be his official duty to attend, nor be concerned as attorney or counselor for either party other than for the state or county in any civil action depending on the same state of facts upon which any criminal prosecution commenced but undetermined, shall depend. * * *" It is thus plainly apparent that the accused, Chas. H. Schull, upon the admitted facts contained in Specifications A and B above set forth, was guilty of a violation of his duties as state's attorney, and of his duty as an attorney and counselor of this court, and his only appeal for vindication from the charges thus preferred against him is his alleged ignorance of the existence of section 938 of the Political Code. It is a well-settled and fundamental principle that ignorance of the law will excuse no man, and we do not believe that such a plea should be accepted by this court as an excuse for a violation of this law by one who occupied the position of state's attorney, who is an attorney and counselor of this court. Section 692 of the Political Code, Laws of 1903, provides: "The Supreme Court shall have sole power to strike the name of any attorney or counselor from said roll, and to revoke his license or to suspend him from the practice for such time as shall seem just, for cause shown."

Under the authority of this provision of the Code, the court deems it a duty to enter its order suspending the said Chas. H. Schull from all rights and privileges as a practicing attorney of this court and of all the courts of this state, for and during the full term of six months from date of the service of the order and judgment of this court herein, and judgment will be entered accordingly.