HOSFORD, Respondent v. ENO, Appellant.

(168 N. W. 764).

(File No. 4339.   Opinion filed September 3, 1918.)

1.  **Attorney and Client—City Attorney's Contract to Defend Defendant in Same Transaction—Right to Recover Fees for—Public Policy.**

A city attorney, who while such official contracted with defendant charged with violating a city ordinance, to represent and defend him in or out of the circuit court, against a criminal charge in relation to the same subject-matter and transaction upon which the city charge was based, cannot recover for such services; such contract being in direct conflict with his duties as city attorney; and by so contracting he placed himself in position of attempting to serve two masters at once whose interests were legally hostile to each other.

2.  **Same—Serving Both Plaintiff and Defendant re Same Transaction—Fees, Right to Recover—Professional Ethics.**

An attorney cannot recover for legal services rendered by him both to plaintiff and defendant concerning the same transaction; he can under no circumstances recover for services rendered to two parties having such opposing interests.   Based upon statutes and consideration of professional ethics, an attorney, once made recipient of confidence of a client concerning certain subject-matter, is thereafter disqualified from acting for any other party adversely interested therein.

3.  **Same—Serving Two Masters—Bar Association's "Canons of Ethics" Suggested Judicial Approval of.**

As indicating the general view of fembers of the Bar, Supreme Court calls attention to these "Canons of Ethics" adopted by the American Bar Association and the bar association of this state:

"It is unprofessional to represent conflicting interests, except by express consent of all concerned, given after a full disclosure of the facts.   Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by P. A. Hosford, against D. G. Eno, to recover for legal services rendered. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for further proceedings.

*Roy E. Willy,* and *French, Orvis & French,* for Appellant.
*Ambrose B. Beck,* for Respondent.

(1) To point one of the opinion, Appellant cited:

International Building & Loan Association, (Ill.) 55 N. W. 675, 47 L. R. A. 792; State v. Rocker (Ia.) 106 N. W. 645; Coach v. Peebles, (N. C.) 11 S. E. 415; Weeks on Attorneys (2d Ed.) Secs. 120-271; In re Cowdery, (Cal.) 10 Pac. 47.

(2) To point two, Appellant cited:

Price v. Grand Rapids & Indiana R. R. Co., 18 Ind. 137.

McCOY, J. Plaintiff, as an attorney at law, instituted this action to recover from defendant the sum of $400 and interest, under a contract retaining him to act as attorney for defendant. Defendant answered, admitting the contract, but denied that plaintiff had ever rendered him any service as attorney by virtue thereof, and that there had been no consideration for said contract under which plaintiff seeks to recover. Defendant also alleged that said contract was illegal and void as being against public policy, by reason of facts hereafter appearing. There was verdict and judgment in favor of plaintiff, and defendant appeals.

[1, 2] The sole question to be determined in this case is whether the respondent, who was city attorney of Platte, charged with the duty of prosecuting appellant for a violation of the ordinances of said city, might legally accept employment from defendant to represent him in the circuit court, or out of court, on a criminal charge against appellant arising out of the same transaction, upon which was based the prosecution for the violation of the said city ordinances. It is the contention of appellant that it is against public policy and sound legal ethics to permit respondent to accept such services or enter into a contract to perform services for appellant under such circumstances, and that therefore the contract sued upon was void and of no effect. We are of the view, and so hold, that the contention of appellant is right. It appears from the record beyond all question that appellant had been

arrested for violating certain ordinances of the city of Platte, and that the respondent then and there held the office of city attorney of that city, and was charged by law with the duty of prosecuting appellant for the violation of said ordinances, and that after said arrest of appellant, the respondent entered into a contract whereby the respondent agreed, for the sum of $400, to represent and defend appellant, either in or out of the circuit court, against a criminal charge in relation to the same subject-matter and transaction upon which the charge for violating the city ordinances was based; in other words, the respondent by entering into said contract placed himself in the position of attempting to serve two masters at once whose interests were legally hostile to each other. One of the professional services incident to the office of city attorney is the duty of prosecuting actions brought on behalf of the city for violation of its ordinances. The contract entered into by respondent with appellant was in direct conflict with his duties as city attorney. The rule is rigid, and designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent. Strong v. Building Association, 183 Ill. 97, 55 N. E. 675, 47 L. R. A. 792. An attorney cannot recover for legal services rendered by him both to plaintiff and defendant concerning the same transaction. A lawyer, under no circumstances, can recover for services rendered to parties having opposing interests growing out of the same circumstances. MacDonald v. Wagner, 5 Mo. App. 56. Based upon statute, and every consideration of professional ethics, it is generally held by all courts that an attorney that has once been made the recipient of the confidence of a client concerning certain subject-matter is thereafter disqualified from acting for any other party adversely interested in the same subject-matter. State v. Rocker, 130 Iowa, 239, 106 N. W. 645. In the case of In re Cowdery, 69 Cal. 32, 10 Pac. 47, 58 Am. Rep. 545, a disbarment proceeding, where Cowdery was acting for the city and county of San Francisco, and was charged with the duty of handling certain litigation on the part of said city and county then pending, entered into a contract

to defend in such cases after his term of office had expired, the court said:

"Proper public policy dictates that one employed by the choice of the people for a stated period in the capacity of an attorney and counsel for the state, or any portion of it, should not be allowed to say that he had received no confidential communications in his official capacity, and therefore he was at liberty to be retained by the adversaries in the same case after his term of office had expired. It would be placing before gentlemen of the bar a temptation to neglect their duties when acting in such public employment which no principle of law justifies. A just public policy forbids it."

In the case at bar the contract was entered into to defend appellant while respondent was still acting as city attorney and before his term of office had expired. A contract of this character might have a tendency to cause the city attorney of Platte to be more lenient and to more readily disregard the legal duties he owed to said city. As city attorney he was presumed to have become acquainted with all the facts upon which the prosecution by the city was based. Hence we are of the view that the contract in question was wholly void as being against public policy.

[3] While having no binding force as a judicial decision or legislative act, but as indicating the general view of members of the bar, we call attention to the following provisions of the "Canons of Ethics," adopted by the American Bar Association and the Bar Association of this state:

"It is unprofessional to represent conflicting interests, except by express consent of all concerned, given after a full disclosure of the facts. Within the meaning of this cannon, a lawyer represents conflicting interests when, in behalf of one client, it is the duty to contend for that which duty to another client requires him to oppose."

The judgment and order appealed from are reversed, and the cause remanded, for further procedure in harmony with this decision.