STATE, Respondent v. BASHAM, Appellant

(170 N.W.2d 238)

(File No. 10564. Opinion filed August 13, 1969)

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Donald Erickson,** Asst. Atty. Gen., Pierre, **George Weisensee,** Deputy State's Atty., Sioux Falls, for plaintiff and respondent.

ROBERTS, Judge.

The defendant, Walter Wright Basham, was convicted of manslaughter in the second degree. His motion for new trial was overruled and he has appealed.

Defendant was charged by information in two counts. Count one charges that defendant on August 20, 1967, while under the influence of intoxicating liquor, without design to effect death operated a motor vehicle upon a public highway in Minnehaha County, South Dakota, in a negligent manner and thereby caused a human being to be killed.[1] Defendant was found guilty as charged in count one and was sentenced to serve a term of four years in the State Penitentiary. He was found not guilty of manslaughter in the second degree by operation of a motor vehicle in a culpably negligent and reckless manner as charged in count two.[2]

The contentions of defendant on appeal are (1) that the trial court erred in refusing to grant a new trial, in that the defendant was convicted without due process of law as guaranteed by the Constitution of the United States and of the State of South Dakota, in that a prosecuting attorney was employed as counsel for Paul Dubbelde and members of his family with respect to civil claims arising out of the motor vehicle accident which is the subject

---

1. SDC 1960 Supp. 13.2025 as amended by Ch. 26, Laws 1967, provides: "Any person who, being under the influence of intoxicating liquor or narcotic drugs or a combination thereof without design to effect death, operates or drives a motor vehicle of any kind in a negligent manner and thereby causes a human being to be killed, is guilty of manslaughter in the second degree."

2. SDC 13.2016 provides: "Every killing of one human being by the act, procurement, or culpable negligence of another which, under the provisions of this chapter, is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

of the information; (2) that defendant's substantial rights were prejudiced by the partisan spirit and prejudicial conduct of the prosecuting attorneys; (3) that defendant's substantial rights were prejudiced by remarks and rulings of the trial court; and (4) that the information was fatally defective. The sufficiency of the evidence to sustain the verdict is not questioned.

A brief resume of the evidence necessary for our consideration of the appeal discloses that defendant was involved on August 20, 1967, in a motor vehicle collision on Interstate Highway No. 90 near Hartford, Minnehaha County, South Dakota. Defendant, traveling easterly in his 1966 Mercury automobile, collided with the rear of a motor vehicle driven by Paul Dubbelde, Valley Springs, South Dakota. As a result of the collision, Darla Dubbelde, seven-week-old daughter of Paul and Donna Dubbelde, riding in the Dubbelde vehicle sustained fatal injuries.

Defendant, age 47, is a mortician living in Woonsocket, South Dakota. On August 20, 1967, defendant had driven from Woonsocket to Mitchell to play in a golf tournament. During the day and evening defendant had some drinks. Sometime between 8:30 and 9 o'clock p. m. defendant left Mitchell to drive to an airport in Sioux Falls to meet his wife arriving at 10:30 p. m. Defendant testified that approaching the scene of the accident at approximately 70 to 75 miles per hour, he did not see anything in front of him, but heard a crash and saw sparks. Defendant was taken to a hospital in Sioux Falls where he was given a blood test and thereafter was taken to the Minnehaha County jail.

Lyle Yoeman, the investigating highway patrolman, arrived at the scene of the accident at approximately 10:30 p. m. He determined that the automobiles involved were a 1960 Ford sedan driven by Paul Dubbelde and a 1966 Mercury driven by defendant. He described the highway as a four-lane highway, two lanes going east and two west, separated by a sixty foot median. Defendant's automobile came to rest on the south shoulder of the eastbound lanes. The Dubbelde vehicle after the accident was situated north of the westbound lanes. The visibility was

good and the highway surface was dry. The patrolman also testified that when he treated defendant at the scene of the accident for a head injury he detected a slight odor of alcohol.

Robert Regynski, a resident of Woonsocket, testified that driving easterly to Sioux Falls he observed in his rear-view mirror sparks and stopped his car and returned to the scene of the accident. He assisted in lifting the front end of the Dubbelde car to extricate Mrs. Dubbelde and her infant daughter.

Donald Mitchell, State Chemist, testified that a sample of defendant's blood contained 0.15 per cent of alcohol by weight. He was recalled and testified over objection as to alcohol and its effect upon a person and the general effect of oxidization.

The Constitution of this State, Art. V, § 24, authorizes the legislature "to provide for state's attorneys and to prescribe their duties." The constitution has been construed not to inhibit the appointment of deputy state's attorneys where appointments are authorized by the legislature. State v. Winne, 45 S.D. 494, 189 N.W. 119. A statute relating to appointments provides that a deputy "shall be vested with all the powers of the state's attorney, subject to the control of the state's attorney" and authorizes the payment of his salary in the manner that the salary of the state's attorney is paid. SDC 1960 Supp. 12.1305; Ch. 42, Laws 1963; Ch. 14, Laws 1968.

SDCL 1967, § 7-16-18 reads as follows:

"The state's attorney shall not receive any fee or reward from or on behalf of any prosecutor or other individual for services in any prosecution or business to which it shall be his official duty to attend, nor be concerned as attorney or counselor for either party, other than for the state or county, in any civil action depending on the same state of facts upon which any criminal prosecution commenced, but undetermined, shall depend; nor shall any state's attorney while in office be eligible to hold any judicial office whatever."

This statute came into our law in territorial days as Ch. 43, § 6, Laws 1883. It was included in Comp.Laws 1887 as § 433 and was reenacted by § 938, Rev.Pol.Code 1903, and § 6008, Rev.Code 1919.

Similar statutes have been enacted in a number of states. Annot., 82 A.L.R.2d 774. In Callahan v. Jones, 200 Wash. 241, 93 P.2d 326, 123 A.L.R. 1178, the court discussing the application of such a statute prohibiting a prosecuting attorney from serving as counsel for a party in a civil matter depending upon the same facts as those involved in a criminal action said:

"The legislative intent to entirely separate the official duties of prosecuting attorneys from any private gain clearly appears, and this legislative policy is so clearly in the public interest that the statute should not be restricted by judicial interpretation, but should be so construed as to accomplish to the full its beneficent purpose.

"The principle was long ago laid down that no man can serve two masters. It is not consistent with the public interest that a prosecuting officer may receive personal gain as the result either of the conviction or acquittal of one charged with infraction of the law, or in connection with the filing of any charge. Neither should the power of the state be used to discover facts or evidence which might result in private profit to the official vested by law with authority to use such power. The very appearance of evil in connection with the administration of public office must be avoided. * * *

"The statute of this state above referred to is couched in general terms, and embodies a sound principle of law. The operation of the statute should not be limited by judicial construction. The law embodies an important principle of public policy, and should be construed so as to accomplish its purpose."

In Hosford v. Eno, 41 S.D. 65, 168 N.W. 764, L.R.A.1918F, 831, it was held that on ground of public policy and professional ethics, and independent of statute, a city attorney whose duty it was to prosecute for violation of city ordinances could not accept employment to represent defendant in the circuit court on a criminal charge arising out of the same transaction upon which prosecution for violation of the city ordinances depended. See In re Schull, 25 S.D. 602, 127 N.W. 541, 26 S.D. 353, 128 N.W. 321; In re Johnson, 27 S.D. 386, 131 N.W. 453. The statute in question does not prohibit employment of an attorney, who is not interested in a civil suit involving the same facts as are involved in the criminal action, by private parties to assist in prosecution if agreeable to the state's attorney and the latter retains control of the prosecution. State v. Magnuson, 48 S.D. 112, 202 N.W. 638; State v. Roby, 49 S.D. 187, 206 N.W. 925.

We are urged by the state to hold that the statute in question contemplates a present interest in a civil action and since civil and criminal proceedings were not pending simultaneously the statute was not violated. Construing a similar statute the court in People ex rel. Hutchison v. Hickman, 294 Ill. 471, 128 N.E. 484, said that it was the purpose of the legislature to prevent any influence upon the discharge of the duties of a state's attorney by reason of personal interest on his part and that if it be held that a state's attorney might be retained in a civil suit to be commenced after the conclusion of the criminal prosecution, the holding would invite evasion of the spirit of the law which prohibits his being interested in a civil matter based on the facts of a criminal action. We adopt such construction looking to the policy underlying the statute and placing on it a reasonable interpretation which will best accomplish its purpose.

The information herein was drafted by George Weisensee, deputy state's attorney of Minnehaha County, and filed by him on September 7, 1967. Sam D. Sechser was also a deputy state's attorney and participated with Mr. Weisensee at the trial resulting in the conviction of the defendant. At the hearing of defendant's motion for new trial, Mr. Sechser admitted that during the pendency of the criminal action he was retained by the

Dubbeldes on a contingent fee basis to represent them in civil suits for damages and that he told Mr. Weisensee that he had been so retained. He asserts that there was no discussion of the merits of their claims and that he advised them that no suit would be commenced before termination of the criminal proceedings. There is no showing that the trial court was advised of such facts until the filing of the motion for new trial. Defense counsel assert that they made no objection to participation of the prosecuting attorneys at the trial because they had no knowledge of the recited facts.

In support of the argument that the conviction of defendant was invalid because of the violation of the constitutional requirement of due process of law defendant relies principally upon State v. Jones, 306 Mo. 437, 268 S.W. 83. The defendant was there charged with operating a motor vehicle while intoxicated. The prosecuting attorney filed the information and was the principal witness for the state. He testified that his automobile and that of the defendant collided. The court in effect held that the prosecuting attorney having a personal interest in the prosecution was disqualified and the court recognized an inherent power in the trial court, independent of statute, to appoint a special prosecutor in the event of disqualification. This court has too held that the circuit court has inherent power, independent of what is presently SDCL 1967, § 7-16-2, to appoint a prosecuting attorney in the event of the disqualification of the regular prosecutor. State v. Flavin, 35 S.D. 530, 153 N.W. 296.

In Ganger v. Peyton, 4 Cir., 379 F.2d 709, petitioner was convicted of assaulting his wife. The prosecuting attorney represented the wife of the accused in a divorce proceeding based upon the same alleged assault. The federal district court granted a writ of habeas corpus and vacated the conviction. A United States court of appeals sustained the judgment of the district court on the ground that the dual representation violated the concept of fundamental fairness assured by due process of law. The court in its opinion said: "Because of the prosecuting attorney's own self-interest in the civil litigation * * * he was not in a position to exercise fairminded judgment with respect to

(1) whether to decline to prosecute, (2) whether to reduce the charge to a lesser degree of assault, or (3) whether to recommend a suspended sentence or other clemency." The court suggested that there is always the prospect of plea bargaining and cited authorities indicating that there is an increasing recognition of negotiated pleas and that a conflict of interest might well deny a defendant in such negotiations the exercise of fair-minded discretion on the part of a prosecutor.

■ ■ The state contends that the claimed disqualification of counsel could not possibly have influenced the jury and must, therefore, be regarded as harmless error. The state's attorney and his deputy are quasi-judicial officers representing the state. 27 C.J.S. District & Pros. Attorneys § 1. The performance of their duties requires the exercise of a broad discretion and it is their duty to see that the criminal laws are impartially and fairly enforced. State v. Kaufmann, 22 S.D. 433, 118 N.W. 337; State v. Thompson, 71 S.D. 319, 24 N.W.2d 10. We deem it unnecessary to determine whether the disqualification here complained of constituted a deprivation of due process. Public policy and standards inherent and basic in the very nature of the office of a public prosecutor were the controlling considerations in Hosford v. Eno, supra. The law should not be less strict in criminal actions wherein the legislature has chosen to restrict the taking of a position by a state's attorney antagonistic to or in conflict with his public duty. It was noted in State v. Jensen, 178 Iowa 1098, 160 N.W. 832, L.R.A.1917C, 455, that whether such a statute had been violated is not dependent upon improper conduct of counsel. The court added that decision involved public policy which must apply in all cases and was not concerned with whether violation of such policy resulted in abuse in a particular trial as in repressing the possibilities of improper influence or motive and that for these reasons the statute must be regarded as "positive and peremptory". In State v. Burns, Mo., 322 S.W.2d 736, the court reversed the conviction of the defendant whose trial had been conducted by an assistant prosecutor who had been told nothing about the case by the prosecutor who had prior to his election represented the defendant. The court reversed the judgment because of conflict of interest and

held that it was not necessary to identify specific prejudicial acts on the part of the prosecutor. The court said: "We are dealing here with something more than a question of technical error; this matter directly affects the conduct of the bar and the administration of criminal justice, as well as the basic rights of defendant. * * * We shall not attempt to weigh or measure the actual prejudice in a case of this kind, and we do not consider a more specific showing of prejudice to be necessary. The acts were such as to infringe upon the generally recognized concepts of proper conduct of prosecuting officials." See also Young v. State, Fla.App., 177 So.2d 345; State v. Detroit Motors, 62 N.J.Super. 386, 163 A.2d 227.

▋ Defendant contends that the information is defective for failure to refer therein to an amendment of the statute cited with the violation of which he was charged. Obviously the information may be amended by leave of court at any time before retrial. 42 C.J.S. Indictments and Information § 233. We do not think that other contentions of defendant merit discussion.

The judgment is reversed and the cause remanded for a new trial.

All the Judges concur.