Commonwealth *v.* Dunlap, Appellant.

Submitted November 16, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Alfred V. Papa,* for appellant.

*Paul W. Johnson,* Assistant District Attorney, and *Donald E. Williams,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 31, 1975:

Appellant was convicted by a jury of assault, assault and battery, aggravated assault and battery, assault with intent to maim, assault with intent to kill, and attempt with intent to kill. The crimes arose out of the stabbing of a Donald L. Groves in a bar located in Lawrence County. Several issues are raised on appeal, but only two are preserved for our consideration.[1]

The first issue we will consider is whether appellant was deprived of a fair trial because the prosecuting attorney represented the victim of the crime in a personal injury action arising out of the same facts as the criminal prosecution against the owner of the bar where the stabbing took place. These facts were voluntarily revealed after the verdict but before argument on the post-trial motions by the Assistant District Attorney who prosecuted the case. After this issue was argued, the lower court found that no prejudice resulted to appellant and dismissed the argument. We agree and refuse to grant a new trial on that basis.

This Court has had occasion to state that "[a] district attorney holds an office of unusual responsibility, and he must exercise his duties with complete impartiality." *Commonwealth v. Wiggins*, 231 Pa. Superior Ct. 71, 76, 328 A. 2d 520, 522 (1974), *quoting Commonwealth v. Toth*, 455 Pa. 154, 158, 314 A.2d 275, 277 (1974). The A.B.A. Standards For Criminal Justice, Standards Relating To The Prosecution Function, §1.2 (Approved Draft, 1971) have also recognized this responsibility and have added that "[a] prosecutor should

---

1. Appellant's second argument that the trial court acted as an advocate in its questioning of witnesses and the third argument that the trial court committed prejudicial error by charging to the jury that appellant is a "black man" were not raised or argued as motions for a new trial or for an arrest of judgment and are therefore waived. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

avoid the appearance or reality of a conflict of interest with respect to his official duties."

Although the present situation is not listed as an example of a conflict of interest under §1.2 of the A.B.A. Standards, we realize that a conflict of interest may arise when a prosecutor attempts to represent both the Commonwealth and the victim of the crime in actions arising out of the same set of facts as the criminal prosecution.

However, the A.B.A. Standards in §1.1 are careful to caution that "[t]hese standards are intended as guides for the conduct of lawyers and as the basis for disciplinary action, *not as criteria for the judicial evaluation of prosecutorial misconduct to determine the validity of a conviction.*" (emphasis added). Similarly, this Court in *Commonwealth v. Wiggins,* supra, did not condone the conduct of the prosecutor in describing to the jury the defendant as a "dangerous man;" nevertheless, we refused to overturn the conviction on the basis that the remark did not rise to prejudicial dimensions.

Appellant asks this Court to reverse his conviction because of the possibility of a conflict of interest regardless of the fact that no prejudice has been demonstrated therefrom. Appellant's brief speaks of possibilities of harm arising out of the present situation, but none is specifically complained of or apparent from the record. Neither party has offered any Pennsylvania authority on this specific issue and we have been unable to find any. However, the courts of other jurisdictions have considered the present issue and we find their decisions persuasive.

In the majority of the cases we have reviewed the respective courts came to the conclusion that although a conflict of interest may exist, some resulting prejudice must be demonstrated to warrant a new trial. *Brooks v. State,* 45 Ala. App. 196, 228 So.2d 24 (1969) (special prosecuting attorney also represented prosecuting wit-

ness in civil case) ; *People v. Farnsley,* 53 Ill. App.2d 537, 293 N.E.2d 600 (1973) (special prosecuting attorney also represented estate of victim) ; *State v. Williams,* 217 N.W.2d 573 (Iowa 1974) (prosecuting attorney in murder case also represented deceased victim's family) ; *Garton v. State,* 454 S.W.2d 522 (Mo. 1970) (prosecuting attorney was also counsel for bank that had been robbed). In *Ganger v. Peyton,* 379 F.2d 709 (4th Cir. 1967), the Court granted the defendant's writ of habeas corpus for the reason that the prosecuting attorney also represented the defendant's wife, who was the victim of the crime, in a divorce action based on the same facts as the criminal prosecution. Although there was language in *Ganger* that the absence of harm from such a conflict of interest cannot be assumed, the facts of *Ganger* are readily distinguishable from those in the present case and the aforementioned authorities. In *Ganger,* the lower court found as a fact that the prosecuting attorney offered to drop criminal charges against the defendant if he would make a favorable property settlement in the divorce action. The appellate court found that this finding was supported by the record and established that the prosecutor did not treat the defendant with fairness because of his conflict of interest. There is no such evidence of any abuse of discretion by the prosecuting attorney in the present case.

While we feel that it was improper for the prosecuting attorney to permit the appearance of a conflict of interest, we fail to find any specific prejudice to the appellant to warrant the grant of a new trial.

Appellant's final allegation of error is that the lower court on clarification of instructions to the jury stated that the Commonwealth alleged by its evidence that appellant did the stabbing without stating to the jury that appellant by his evidence alleged that he did not do the stabbing. When defense counsel raised this objection at side-bar, the trial court immediately corrected any false

impression that may have been conveyed to the jury by instructing the jury that appellant's evidence asserted that appellant did not do the stabbing. We are satisfied that the charge taken in its entirety was without prejudicial error. *Commonwealth v. Fell*, 453 Pa. 531, 309 A.2d 417 (1973).

Judgment affirmed.

_____

DISSENTING OPINION BY HOFFMAN, J.:

I dissent from the Majority holding that the fact that the district attorney who prosecuted this case also represented the victim in a civil suit against the defendant arising out of the same transaction does not require a reversal of the appellant's conviction.

Section 1.2(a) of the ABA Standards For Criminal Justice, Standards Relating To The Prosecution Function (Approved Draft, 1971) provides that "[a] prosecutor should avoid the appearance or reality of a conflict of interest with respect to his official duties."[1] The Majority and the court below recognize that the facts of the instant case, wherein the prosecuting attorney also represented the victim in a civil suit based on the alleged aggravated assault, potentially represent a conflict of interest. Both, however, refuse to grant a new trial because no specific prejudice has been uncovered by the appellant. As the lower court stated in its thorough opinion, "[a]bsent some proof that the Assistant District Attorney's conduct somehow deprived the defendant of

_____

1. See also, *Code of Professional Responsibility*, Canon 9: "A lawyer should avoid even the appearance of professional impropriety." EC 9-3: "After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists." DR 9-101(B): "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee."

a fair and impartial trial, there is no reason to suppose a properly counseled defendant was adversely affected by reason of the Assistant District Attorney's dual representation."

Initially, I agree with the Majority that the ABA standards generally are standards of conduct, not legal principles that are necessarily binding on our Court. See *Commonwealth v. McNeal,* 456 Pa. 394, 319 A. 2d 669 (1974). Our Supreme Court has, however, frequently relied on those standards as the *ratio decidendi* in finding reversible error. See, e.g., *Commonwealth v. Potter,* 445 Pa. 284, 285 A. 2d 492 (1971) and its progeny.

The Majority requires the appellant to show that prejudice arose from the dual representation by the prosecutor. The situation is similar to dual representation of two criminal defendants by one attorney, a problem addressed in *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641, 643 (1962): "Despite its recognition of the existence of a conflict of interest under the circumstances, the Superior Court stated that it was appellant's burden to show 'that the conflict of interest resulted in such ineffective and improper representation as to result in basic and fundamental error' and, in the instant situation, appellant had not sustained this burden. With that conclusion we cannot agree.

"If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion."

Neither the Majority nor the court below considers the potential for prejudice in the instant case. I believe, however, that such a situation is ripe with potential prejudice not easily discovered by an appellant or by an appellate court.

Courts frequently articulate the lofty role that our society requires of a prosecuting attorney: ". . . in the performance of his duties, the law grants to the district attorney wide discretion in the exercise of which he acts in a judicial capacity." *Commonwealth ex rel. Specter v. Martin,* 426 Pa. 102, 114, 232 A. 2d 729, 736 (1967). "The prosecutor is both an administrator of justice and an advocate; he must exercise sound discretion in the performance of his functions." ABA Standards, supra, §1.1(b), cited in *Commonwealth v. Potter,* supra, at 287, 285 A. 2d at 494. In our society, unlike many European systems of justice,[2] we entrust vast discretion to the prosecutor in deciding which cases to pursue, what crimes to charge, and how to allocate limited resources. See, e.g., Breitel, *Controls in Criminal Law Enforcement,* 27 U. Chi. L. Rev. 427 (1960), wherein Judge BREITEL argues that absent such discretion, our system of laws would be unmanageable; cf. Freedman, *The Professional Responsibility of the Prosecuting Attorney,* 55 Geo. L. J. 1030 (1967), wherein the author argues that such discretion is easily abused by a prosecutor who wishes to pursue a personal vendetta. See also, *United States v. Cox,* 342 F. 2d 167 (5th Cir. 1965).

One difficulty presented by such wide discretion is the fact that a prosecutor's decision-making process is

---

2. See, e.g., Davis, *Discretionary Justice,* at 194-95: "The most important difference between the German system and the American system is this: Whenever the evidence that the defendant has committed a serious crime is reasonably clear and the law is not in doubt, the German prosecutor, unlike the American prosecutor, is without discretionary power to withhold prosecution. This means that selective enforcement, a major feature of the American system, is almost wholly absent from the German system. The German prosecutor does not withhold prosecution for such reasons as that he thinks the statute overreaches, that justice requires withholding enforcement because of special circumstances, that the statute ought to be enforced against some violators and not others, that he lacks time for bringing marginal prosecution. . . ."

almost never reviewable by an appellate court. By its very nature, discretion is a subjective exercise; seldom is the motive for decision on record. Cf. *Oyler v. Boles,* 368 U.S. 448 (1962) ; but see, *People v. Gray,* 254 Cal. App. 2d 256, 63 Cal. Rptr. 211 (1967). Our society can tolerate a system that allows such an accretion of power despite the limited ability to review the decision-making process because we charge the district attorney or prosecuting attorney with a high ethical standard. That standard— the exercise of his "judicial capacity"—is breached not only by actual conflict of interest, but also by actions which have the *appearance* of conflict of interest.

Hence, in the instant case, neither this Court nor the appellant can know how or if the district attorney's decision to prosecute was influenced by his representation of the victim in a civil suit. The situation is too ripe, however, with potential abuse: an attorney would be hardpressed to abandon prosecution of a defendant when a criminal conviction would be proof of the alleged tort in the civil suit; the attorney would be free to use public resources to rout out additional evidence against the criminal defendant, a pursuit based not necessarily on the prosecutor's view of the social importance of the case, but solely on the private interest which he and his client have in the case. A defendant does not have a right not to be prosecuted; he does, however, have a right to have his case reviewed by an administrator of justice with his mind on the public purpose, not by an advocate whose judgment may be blurred by subjective reasons.

I do not suggest that the attorney in the instant case abused his prosecutorial discretion. However, because of the subjective nature of the decision and the potential for abuse, I would reverse the appellant's conviction and order a new trial.

SPAETH, J., joins in this dissenting opinion.