In re Robert Eric PEIFFER, Debtor.

CITIZENS BANK OF WINFIELD, Plaintiff,

v.

Robert Eric PEIFFER, Defendant.

Adv. No. 82–0913.
Bankruptcy No. 82–2576.

United States Bankruptcy Court, N.D. Alabama, W.D.

Nov. 23, 1982.

Jerry Guyton, Hamilton, Ala., for plaintiff.

André M. Toffel, Birmingham, Ala., for debtor-defendant.

## MEMORANDUM OPINION

GEORGE S. WRIGHT, Bankruptcy Judge.

This cause coming on to be heard upon the debtor-defendant's objection to the taking of said debtor-defendant's deposition by the plaintiff's attorney based upon an alleged conflict of interest. This court, after having heard the parties' arguments and having reviewed their briefs, is of the opinion that the plaintiff's attorney does have a conflict of interest and, therefore, shall be disqualified in this adversary proceeding.

## FINDINGS OF FACT

(1) On or about January 21, 1982, Russell Carothers, president of Citizens Bank of Winfield issued a warrant for the arrest of Robert Eric Peiffer for theft of property in the first degree.

(2) Sometime thereafter, Jerry Guyton, assistant district attorney, prosecuted Robert Eric Peiffer for theft of property in the first degree in a preliminary hearing in Marion County, Alabama.

(3) On April 29, 1982, Robert Eric Peiffer filed a chapter 7 bankruptcy petition.

(4) On July 28, 1982, Jerry Guyton, as attorney for plaintiff Citizens Bank of Winfield, filed a complaint to determine the dischargeability of a debt against Robert Eric Peiffer, the debtor-defendant.

(5) The factual-basis of the plaintiff's bankruptcy adversary proceeding is exactly the same as the factual-basis for the aforementioned criminal prosecution in Marion County.

(6) The criminal prosecution and the bankruptcy proceeding have been concurrently pending.

## CONCLUSIONS OF LAW

The issue presented by these facts is whether it is improper for an assistant district attorney, acting in his capacity as a public employee, to prosecute a defendant criminally and simultaneously represent the victim in a civil action against the same defendant based on the identical underlying occurrence.

Disciplinary Rule 9–101 (DR 9–101) of the Rules Governing the Conduct of Lawyers in Alabama is titled "Avoiding Even the Appearance of Impropriety". DR 9–101(A) provides, "A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity." Additionally, DR 9–101(B) states: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." These two subsections of DR 9–101 appearing in the Alabama Rules of Conduct are identical to the corresponding American Bar Association Code of Professional Responsibility Disciplinary Rules 9–101(A) and (B).

Numerous courts and commentators have addressed and denounced the propriety of a district attorney prosecuting the defendant and then representing the victim in a civil proceeding. Furthermore, district attorneys have been disciplined for accepting employment in a civil case arising from the same facts as those involved in the criminal proceeding before them. Annot., 17 A.L.R.3d § 16 at 852 (1968): *Commonwealth of Pennsylvania v. Dunlap,* 474 Pa. 155, 377 A.2d 975, n. 5 (1977). "A prosecuting attorney who appears against accused in a criminal proceeding is disqualified from appearing in a civil case against the same individual, regardless of any question whether such

attorney makes use of information gained in the criminal action to force a settlement in the civil action." 27 C.J.S. *District & Prosecuting Attorneys* § 12(9) at 669 (1959) [citing *In re Wilmarth,* 42 S.D. 76, 172 N.W. 921 (1919)].

In the case of *State v. Tate,* 185 La. 1006, 171 So. 108 (1936), the Supreme Court of Louisiana examined this problem and stated:

"The district attorney is a quasi judicial officer. He represents the State and the State demands no victims. It seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers as it is to see that no guilty man escapes. Therefore he should not be involved or interested in extrinsic matters which might, consciously, impair or destroy his power to conduct the accused's trial fairly and impartially."

at 171 So. 112. Likewise, the Maryland Court of Appeals determined: "[t]he prosecuting officer cannot perform this function—he cannot discharge his public obligation—if his personal interests are involved. And his representation of the [victim] at once gives him a personal interest in the matter that disables him from the proper performance of his official duty." *Sinclair v. State,* 278 Md. 243, 363 A.2d 468, 477 (Md.Ct.App.1976) [quoting from *In re Ridgely,* 48 Del. 464, 106 A.2d 527, 530–31 (1954)]. See also *State v. Detroit Motors,* 62 N.J.Super. 386, 163 A.2d 227 (L.Div. 1960).

In a recent disciplinary proceeding the Supreme Court of Illinois emphasized the "serious impropriety" of an attorney accepting private employment in a matter in which he had substantial responsibility as a public employee. (See DR 9–101(b)). The Court held that "an attorney may not represent both a governmental body and a private client even if disclosure is made and the parties agree to such dual representation." *In re Lapinska,* 72 Ill.2d 461, 21 Ill.Dec. 373, 381 N.E.2d 700 at 704 (1978).

In response to this problem several states have enacted statutes that limit the private practice of a prosecuting attorney. See Annot., 82 A.L.R.2d 774 (1962). Apparently, the legislature of Alabama has not approached this issue.[1] There are, nonetheless, certain restraints placed on a prosecuting or district attorney which arise from the public nature of the office. See 27 C.J.S. *District & Prosecuting Attorneys* § 12(9) at 668 (1959). The Supreme Court of New Mexico disciplined a district attorney and his assistant for accepting a civil suit to prosecute the accused based on the same facts giving rise to the criminal prosecution even in the absence of a statute restricting such action by district attorneys. The court established:

> "Attorneys are officers of the courts. It is the inherent duty of any court to hold its officers to their duty. The Legislature has not forbidden district attorneys to continue in civil practice. The fact does not affect the case. This is not to deny, it is to assume, the duty of the courts to supervise such civil practice and limit it, to prevent such situations as this, the reproach of which must fall upon the courts themselves and upon the administration of justice. If, for lack of a statute, we should hesitate to stop, or to punish when necessary, such violations of the high standards and the ethics of the legal profession, we should exhibit lack of comprehension of our inherent power and highest duty; we should invite legislative aid and interference where such are not required, and may do harm."

*In re Truder,* 37 N.M. 69, 17 P.2d 951 at 952 (1932).

■ The assistant district attorney contends that he doesn't fall within the language of DR 9–101(B) (e.g. a lawyer shall not *accept* private employment in a matter in which he had substantial responsibility while he was a public employee) as he had been employed on retainer by the Citizens Bank of Winfield prior to participating in the criminal prosecution of Mr. Peiffer as assistant district attorney. This is an argument in semantics and is not well taken by this court. A district attorney's conduct in prosecuting a criminal case as a public employee and later representing a third party in a civil suit against the same criminal defendant arising from the same set of facts is a breach of his public duty regardless of whether the civil client was a new or retained employer.

■ The court finds that there is a conflict of interest and potential DR 9–101(B) infraction presented by these facts. It is improper for Jerry Guyton, as assistant district attorney to participate in the prosecution of the criminal case against Robert Eric Peiffer (the accused) and at the same time represent the Citizens Bank of Winfield (the victim in the criminal case) as plaintiff in a Bankruptcy adversary proceeding against the same Mr. Peiffer (debtor) wherein both cases arise from the same series of facts.

This court adopts the admonition of the Supreme Court of Colorado: "To you, and to any others in the profession ... who have labored under this misconception that there is nothing wrong when a district attorney acts as counsel for a litigant in a civil case, and prosecutes a criminal case based upon the facts giving rise to the civil action, we give warning: This court will not countenance or tolerate such conduct. We condemn it." *People v.* ▮ , 162 Colo. 174, 427 P.2d 330 at 331 (1967).

This shall constitute the findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure. A separate order will be entered consistent with this opinion.

---

1. Alabama does have a related statute which provides: "No public official or employee shall use an official position or office to obtain direct financial gain for himself, or his family, or any business with which he or a member of his family is associated unless such use and gain are specifically authorized by law." Ala.Code § 36–25–5(a) (1975).