[J-21-2017] [MO: Wecht, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,   :   No. 726 CAP
                                        :
           Appellee                   :   Appeal from the Order dated May 2,
                                          :   2016 in the Court of Common Pleas,
                                          :   Lackawanna County, Criminal Division
           v.                           :   at No. CP-35-CR-0000748-1983
                                          :
                                          :   SUBMITTED:  January 30, 2017
DAVID CHMIEL,                       :
                                          :
           Appellant                 :

**CONCURRING OPINION**

**JUSTICE DONOHUE**                                       **DECIDED:  November 22, 2017**

      I join in full the well-reasoned majority opinion of Justice Wecht. I write separately to express my concern for the dubious strategy employed by the Pennsylvania Attorney General's Office in this matter. In its April 20, 2015 press release, the FBI publicly disclosed that examiners in its microscopic hair comparison unit had routinely provided opinions lacking scientific basis, and that it had trained many state and local analysts to provide such scientifically flawed opinions. Majority Op. at 2. Accordingly, Chmiel filed a discovery motion seeking to learn whether the Commonwealth's testifying forensic examiner at his trial (George Surma) was a recipient of such FBI training. In response, in both the PCRA court and again in this Court, the Pennsylvania Attorney General's Office vigorously opposed the discovery request, repeatedly emphasizing Chmiel's lack of "any direct evidence" that Surma was

(or was not) trained in microscopic hair analysis by the FBI[1] and arguing that Chmiel's claim of a newly discovered fact is thus "based on sheer conjecture and rank speculation." PCRA Court Opinion, 12/30/2015, at 24; Commonwealth's Brief at 20. Based upon these arguments, the PCRA court denied the discovery motion.

Justice Wecht notes that on remand, the PCRA court should reconsider Chmiel's discovery request in light of this Court's timeliness decision. Majority Op. at 18 n.7. In my view, however, Chmiel should not be forced into the discovery process to obtain this described information, as whether or not Surma was trained by the FBI is clearly within the knowledge and control of the prosecutors in the Pennsylvania Attorney General's Office litigating the present PCRA petition. If Surma in fact received FBI training, these prosecutors, knowing that Chmiel had been convicted on the basis of expert testimony that has been established to be unreliable and not scientifically supportable, should have immediately and voluntarily provided the information to Chmiel's defense lawyers.

In the FBI's press release that forms the basis for Chmiel's current PCRA petition, the United States Department of Justice indicated that in federal cases, it "will not raise procedural objections, such as statute of limitations and procedural default claims, in response to defendants' petitions seeking a new trial because of the faulty

---

[1] Surma's trial testimony suggests to the contrary. When asked, "If you went to the FBI, the crime lab down there, would they be able to do anything different from what you were doing," Surma responded, "They would have done basically what I did." N.T., 10/16-29/1984, Vol. II at 1381. This testimony provides a basis for concluding that Surma may have learned the microscopic hair comparison techniques he employed in this case from FBI training.

evidence."[2] The Pennsylvania Attorney General's Office clearly has not adopted this approach, and because of the jurisdictional requirements in Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. § 9545(b)(1), I take no umbrage with the Attorney General's Office's decision to litigate the legal issue of the timeliness of Chmiel's PCRA petition. I am, however, greatly troubled by its decisions to refuse to disclose factual information to Chmiel relevant to the PCRA petition; to oppose Chmiel's attempts to obtain this information through discovery; and then to use Chmiel's lack of this information as a basis for opposing his request for a new trial. In my view, it is neither fair game nor appropriate for a prosecutor to base an argument on the defendant's lack of information about a fact that is in the full knowledge and control of the prosecutor in an attempt to prevent a new trial after a conviction based on junk science.

Prosecutors have a unique role in our criminal justice system. This Court has codified the "Special Responsibilities of a Prosecutor" to provide that "[a] prosecutor has the responsibility of a minister of justice and not simply that of an advocate." Pennsylvania Rules of Professional Conduct 3.8 (comment). We have further observed that "[a] defendant does not have a right not to be prosecuted; he does, however, have a right to have his case reviewed by an administrator of justice with his mind on the public purpose, not by an advocate whose judgment may be blurred by subjective reasons." *Commonwealth v. Eskridge*, 604 A.2d 700, 701 (Pa. 1992) (citing *Commonwealth v. Dunlap*, 335 A.2d 364, 368 (Pa. 1975) (Hoffman, J., dissenting)); *see*

---

[2] Appendix C to Initial Brief of Appellant; Press Release, FBI, FBI Testimony on Microscopic Hair Analysis Contained Errors in at Least 90 Percent of Cases in Ongoing Review (April 20, 2015), https://www.fbi.gov/news/pressrel/press-releases/fbi-testimony-on-microscopic-hairanalysis-contained-errors-in-at-least-90-percent-of-cases-in-ongoing-review.

*also Commonwealth v. Briggs*, 12 A.3d 291, 331 (Pa. 2011). As aptly stated by the United States Supreme Court,

> [The prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution **is not that it shall win a case, but that justice shall be done.**

*Berger v. United States*, 295 U.S. 78, 88 (1935) (emphasis added); *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly.").

The prosecutor's duty to seek justice trumps his or her role as an advocate to win cases for the Commonwealth. *See* Jonathan A. Rapping, *Who's Guarding the Henhouse? How the American Prosecutor Came to Devour Those He is Sworn to Protect*, WASHBURN L.J. 513, 518 (2012). As a result, the prosecutors in the Pennsylvania Attorney General's Office had an ethical obligation to inform Chmiel's defense counsel as to whether or not the Commonwealth's testifying expert had been trained by the FBI. The decision not to do so, and to instead use Chmiel's lack of this information as a basis for denying him a new trial, was in derogation of the role of the prosecutor as a minister of justice. The integrity of our criminal justice system depends on all of the players fulfilling their roles. In my view, in this case, the prosecutor fell well short of what is required.